IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR LOWE, #669750 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv310 |
| JACOB A. RICHARDSON | § | |

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

Plaintiff Arthur Lowe ("Lowe" or "Plaintiff"), an inmate confined in the Michael Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Court dismissed Plaintiff's complaint as frivolous for failure to state a claim upon which relief may be granted and for lacking any basis in law and fact, pursuant to 28 U.S.C. § 1915A(b)(1), and entered final judgment on September 3, 2010. Plaintiff acknowledged receipt of the dismissal and judgment on September 8, 2010 (docket entry #21). He filed a notice of appeal as to both the order of dismissal and the final judgment on September 27, 2010 (docket entry #25). In addition, he moved for leave to appeal *in forma pauperis* (docket entry #28), which this Court denied on October 15, 2010 (docket entry #29), on the basis that his appeal was not taken in good faith. The order denying his *in forma pauperis* request specified that he could pursue obtaining *in forma pauperis* status in the United States Court of Appeals for the Fifth Circuit, and assessed the cost to

1

Plaintiff if he elected to pursue his *in forma pauperis* status and appeal. To date, there is no indication that he intends to pursue a motion to the Fifth Circuit to proceed *in forma pauperis*.

On October 28, 2010, Plaintiff filed a Motion to Reconsider Memorandum Opinion and Order of Dismissal (docket entry #31), referring to the Court's order of September 3, 2010. He has not specified the basis on which he requests reconsideration. For the reasons stated below, his motion will be denied.

## Discussion and Analysis

The facts of this case were recited fully in the Court's September 3, 2010, order of dismissal and will not be repeated here. However, the Court notes that Plaintiff has recounted the facts from his perspective in full in his Motion for Reconsideration. In brief, he complains that his Eighth Amendment rights were violated by being served sack meals ("johnny sacks") in his cell during a 12-day lockdown, when the sack meals were allegedly "uneatable" because they were too cold.

A motion to alter or amend, or for reconsideration, may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)), *cert. denied*, 543 U.S. 976, 125 S. Ct. 411, 160 L. Ed. 2d 352 (2005), *and reh'g denied*, 543 U.S. 1085, 125 S. Ct. 958, 160 L. Ed. 2d 840 (2005).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)).

> Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)) .

If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b)

3

motion. *See Shepherd*, 372 F.3d at 328 n.1. Here, Plaintiff's motion was not filed within ten days of the judgment of which he complains. Therefore, the Court will consider it as a Rule 60(b) motion.

Here, Plaintiff has done little more than restate the facts of his case, borrowing considerably from the Court's own recitations of the facts in its order of dismissal, and re-urge legal argument that the Court has already found so deficient as to be frivolous. He has added citation to some case authorities that do not help his argument. Although he correctly states that inmates must be provided meals with sufficient nutritional value to preserve health, *see*, *e.g.*, *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.), *reh'g denied*, 807 F.2d 995 (5th Cir. 1986), he has made no showing at all that the sack meals he received while in lockdown were anything but sufficiently nutritional. He contends that he found them too cold to eat, though not frozen, but the only specific nutritional content issue he raises is that his breakfast meals included jelly with biscuits. He alleges, without explanation or substantiation, that he is on the "Diet for Health" and any jelly must be dietetic. Motion for Reconsideration at 3. Otherwise, his remaining nutritional value contention is that the TDCJ-CID food service manual for meals during lockdown does not require food to be stored in refrigeration below 40 degrees. Therefore, he claims, by doing so, TDCJ-CID food service personnel violated its own policy.

First, the very cases on which Plaintiff rely demonstrate that his argument is frivolous. For example, in *Eason v. Thaler*, 73 F.3d 1322 (5th Cir. 1996) (*per curiam*), the Fifth Circuit found that the fact that at least 10 out of 26 "johnny sack"-style evening meals served during a 26-day lockdown contained pork, which the plaintiff, a Muslim, could not eat, did not constitute nutritional inadequacy. *Id*. at 1327. Further, the plaintiff's claim of having lost 26 pounds during the lockdown did not change the nutritional adequacy assessment. *Id*. Here, Plaintiff's contention that the sack

4

meals sometimes contained items, such as jelly with his biscuits, that did not meet his dietary wishes carries no more weight than in *Eason*. That is especially true as Plaintiff does not describe the "Diet for Health" nor explain why he was following it. In his Motion for Reconsideration, Plaintiff renews his claim that he *believes* he lost weight during the 12-day lockdown. However, he admits he was never allowed to leave his cell to use the scale in the prison infirmary during the lockdown, so he does not know for sure. He takes issue with the Court's finding that prison medical records document as fact that he gained 14 pounds in the month during which the 12-day lockdown occurred. He apparently contends that he must have gained enough weight either before or after the lockdown to have shown an overall 14-pound gain for that month despite his supposed inability to eat the sack meals in lockdown. However, those records are all there is to go on; even if it were germane, Plaintiff cannot demonstrate a weight loss during the lockdown. Given the precedent in *Eason*, above, it would not help his claim in any case.

Finally, as to Plaintiff's claim that TDCJ-CID violated its own policy, the Court does not accept the proposition. Plaintiff merely points to the fact that the food service manual does not *require* food to be stored at or below 40 degrees. However, he cannot show that the manual actually *prohibits* such refrigeration. The Court will not impose its judgment on the experience of TDCJ-CID's food service professionals in this matter and will not read into the manual a "policy" regarding storage above or below 40 degrees. Moreover, although he complains that the meals were "uneatable" due to being cold, he admits that he could, and did in fact, eat some of them. Therefore, his claims of nutritional inadequacy fail.

Having conducted its review of Plaintiff's Motion for Reconsideration, the Court is of the opinion that the dismissal was correct and proper. Therefore, relief by altering or amending the

5

judgment of dismissal is not "appropriate to accomplish justice." *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)).

It is accordingly

**ORDERED** that Plaintiff's Motion for Reconsideration (docket entry #31) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **3** day of **November, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE