IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR LOWE, #669750 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv310 |
| JACOB A. RICHARDSON | § | |

MEMORANDUM OPINION AND
ORDER DENYING RECONSIDERATION

Plaintiff Arthur Lowe ("Lowe" or "Plaintiff"), an inmate confined in the Michael Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The Court dismissed Plaintiff's complaint as frivolous for failure to state a claim upon which relief may be granted and for lacking any basis in law and fact, pursuant to 28 U.S.C. § 1915A(b)(1), and entered final judgment on September 3, 2010. On October 28, 2010, Plaintiff filed a Motion to Reconsider Memorandum Opinion and Order of Dismissal (docket entry #31), referring to the Court's order of September 3, 2010. On November 3, 2010, the Court issued a Memorandum and Opinion denying Plaintiff's motion for reconsideration (docket entry #32). Now, on November 9, 2010, Plaintiff has filed yet another Motion to Reconsider Order of Dismissal (docket entry #33). As in his first such motion, he has not specified the basis on which he requests reconsideration or any grounds under which the Court should once again reconsider its judgment in this case.

1

Plaintiff recites at length the facts of his case, very similar to his recitation in his original motion for reconsideration. He does raise somewhat different case law from various circuits, attempting to support his Eighth Amendment claim of cruel and unusual punishment for having been fed cold sack meals ("johnny sacks") during a 12-day lockdown.

He cites *Dearman v. Woodson*, 429 F.2d 1288 (10th Cir. 1970) for the proposition that failing to feed a prisoner violates the Eighth Amendment. However, there, the prisoner-plaintiff alleged that he had not been fed at all for 50 1/2 hours. *Id*. at 1289. Although the district court dismissed the claim, the Tenth Circuit set the dismissal aside and remanded, finding that allegations of no food for 50 1/2 hours stated a cause of action. *Id*. at 1290. That is not the case here. Plaintiff does not allege that he was deprived of food; in fact, he admits that he ate some of the food he was given in the sack meals. *Dearman* simply is not similar to the situation he alleges.

He also cites *Finney v. Arkansas Bd. Of Correction*, 505 F.2d 194, 207 (8th Cir. 1974), in which prison officials fed prisoners in the punitive wing a food mixture called "grue," a "tasteless, unappetizing paste-like food which is served to prisoners in solitary confinement as a form of further punishment." There, the Eighth Circuit remanded for a decree ensuring that such prisoners "are not deprived of basic necessities including light, heat, ventilation, sanitation, clothing and a proper diet." *Id*. at 208. Again, that is not the case here. TDCJ sack meals were provided to the prisoner population as a whole during an administrative lockdown period. The excerpts from the prison Food Service Procedures Manual Plaintiff attaches to his most recent Motion for Reconsideration demonstrate their nutritional value. Further, he does not allege that these meals were given him - and the entire prison population - as "further punishment." He simply alleges that they were unpalatable to him.

Plaintiff cites a number of other cases for the proposition that the existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. *See, e.g.*, *Mayhue's Super Liquor Store, Inc. v. Meiklejohn*, 426 F.2d 142, 144 n.4 (5th Cir. 1970) (citing, *inter alia*, *Mosher v. City of Phoenix*, 287 U.S. 29, 30, 53 S. Ct. 67, 77 L. Ed. 148 (1932)). That is true, but the Court has already ruled that the allegations of Plaintiff's original complaint failed to state a claim upon which relief may be granted and were frivolous in that they lacked any basis in law and fact. *See* Memorandum and Opinion and Order of Dismissal (docket entry #18) at 6. Plaintiff has made no showing in either Motion for Reconsideration that the Court should amend that determination. His final argument that the sack meals delivered during the lockdown were "so cold" that they fell "way below the Supreme Court standards, which resulted in Plaintiff . . . being deprived of adequate food," Motion at 13, is nothing more than repetition of the argument the Court has found not only unpersuasive but frivolous.

Having once again conducted a review of Plaintiff's instant Motion for Reconsideration, the Court remains of the opinion that the dismissal was correct and proper. Therefore, relief by altering or amending the judgment of dismissal is not "appropriate to accomplish justice." *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)).

It is accordingly

**ORDERED** that Plaintiff's second Motion for Reconsideration (docket entry #33) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **November, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE